Filed 1/15/16  P. v. Smith CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050533 |
| v. | (Super. Ct. No. FWV035340) |
| TERRYANCE ACEY SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino, Ingrid Adamson Uhler, Judge.  Reversed and remanded for further proceedings.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

Terryance Acey Smith appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.126 (all further statutory references are to the Penal Code). Smith argues he is eligible for resentencing for his 14 false imprisonment convictions because they are non-serious, non-violent felonies. The Attorney General contends Smith is ineligible for resentencing because first he is also serving life sentences for other serious and/or violent felonies, i.e. robbery and dissuading a witness, and second as to the false imprisonment convictions, the jury found he was armed with a firearm.

After briefing in this case was complete, the California Supreme Court filed its opinion in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*), and we invited the parties to submit supplemental briefs on the applicability of *Johnson* to this case. In its supplemental brief, the Attorney General concedes *Johnson* disposes of her argument Smith's robbery convictions make him ineligible for resenting. However, the Attorney General maintains Smith was ineligible for resentencing because he was armed during the commission of the false imprisonment offenses.

As we explain below, we accept the Attorney General's concession Smith's robbery convictions do not make him ineligible for resentencing on his false imprisonment convictions. However, we decline the Attorney General's invitation to conclude Smith was ineligible on another basis, a basis the trial court did not rely on in denying Smith's petition. We reverse and remand the matter for further proceedings consistent with this opinion.

FACTS

In 2006, a jury convicted Smith of 33 felony counts: 13 counts of robbery (§ 211), 14 counts of false imprisonment (§ 236), and six counts of dissuading a witness (§ 136.1, subd. (c)(1)). As to all the counts, the jury found true Smith was a principal armed with a firearm under section 12022, subdivision (a)(1). At a bench trial, the trial court found all the strike prior allegations to be true. The trial court sentenced Smith to

2

an indeterminate life sentence of 380 years and 8 months. (See *People v. Smith* (Dec. 29, 2008, G040872) [nonpub opn.].)

In 2014, Smith filed a petition for recall of sentencing and request for resentencing under section 1170.126. The trial court denied the petition, reasoning section 1170.126 did not apply and Smith was ineligible for resentencing because his current convictions for robbery were both serious and violent felonies (§§ 667.5, subd. (c)(9) [robbery], 1192.7, subd. (c)(19) [robbery]).

## DISCUSSION

Citing to *Johnson, supra,* 61 Cal.4th 674, the Attorney General concedes the fact Smith suffered convictions for other serious and/or violent felonies—robbery and dissuading a witness—in addition to his non-serious and non-violent false imprisonment convictions does not make him ineligible for resentencing pursuant to section 1170.126.

Section 1170.126 allows certain qualifying inmates already serving a three strikes sentence to petition for resentencing under the Three Strikes Reform Act. In *Johnson, supra,* 61 Cal.4th at page 688, the California Supreme Court opined the following: "[W]e conclude that the Act requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life."

Here, the trial court denied Smith's petition for resentencing on his false imprisonment convictions, reasoning he was ineligible since he was also convicted of other serious and/or violent crimes, robbery. In light of *Johnson*, the trial court's ruling was incorrect. We accept the Attorney General's concession and conclude that pursuant to *Johnson*, Smith's robbery convictions do not make him ineligible for resentencing.

In her respondent's brief and supplemental letter brief, the Attorney General, however, asserts Smith was ineligible for resentencing for another reason.

3

Relying on sections 1170.126, subdivision (e)(2), and 1170.12, subdivision (c)(2)(C)(iii), the Attorney General maintains Smith was also ineligible for resentencing because the jury in convicting Smith of 14 counts of false imprisonment also found true he was armed within the meaning of section 12022, subdivision (a)(1).

The trial court did not deny Smith's petition on these grounds but instead solely on the ground he suffered robbery convictions. We acknowledge the issue the Attorney General raises is a question of law that we have discretion to consider. (*Sea & Sage Audubon Society, Inc. v. Planning Com.* (1983) 34 Cal.3d 412, 417 [reviewing court discretion to decide such an issue if it presents pure question of law arising on undisputed facts, particularly when issue matter of important public policy].) Nonetheless, we decline to decide these legal issues. The trial court must first decide the threshold question whether Smith is eligible for resentencing.

## DISPOSITION

The postjudgment order is reversed and the matter remanded for further proceedings consistent with this opinion.

O'LEARY, P. J.

WE CONCUR:

RYLAARSDAM, J.

BEDSWORTH, J.

4